Mangosoft v. Oracle                    02-CV-545-SM  09/09/05

UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


Mangosoft, Inc. and
Mangosoft Corporation,
        Plaintiffs

        v.                                    Civil No. 02-cv-545-SM
                                              Opinion No. 2005 DNH 128
Oracle Corporation,
        Defendant


                         **O R D E R**


        In February of 2004, Mangosoft filed a motion for protective
order to which Oracle objected.  Following a hearing on the
matter, the parties were able to reach an agreement regarding a
joint protective order.  Accordingly, the court denied
Mangosoft's motion as moot.  Subsequently, pursuant to Fed. R.
Civ. P. 26(c), the parties jointly submitted a proposed
"Protective Order Regarding Confidentiality," which was entered
as an order of the court.


        That protective order governs the parties' production and
use of various materials in the course of discovery.  Among other
things, it provides that the parties may designate documents
produced during discovery as falling within three different

levels of confidentiality.  Importantly (and necessarily),
however, the protective order specifically states that <u>all</u>
documents produced during discovery may be disclosed to the
court, court personnel, and, if the matter proceeds to trial, the
jury.

On August 25, 2005, the parties filed opposing motions for
summary judgment.  Filed along with those dispositive motions was
a "Joint Motion for Leave to File Summary Judgment Pleadings,
Including Declarations, Exhibits, and Unredacted Memoranda Under
Seal" (document no. 73).  For the reasons set forth below, that
motion is denied.

## Discussion

In support of their respective motions for summary judgment,
the parties have submitted hundreds, if not thousands, of pages
of attachments and exhibits.  They jointly move the court to seal
that entire summary judgment record.

While the parties might well consider many of those
documents "confidential," and while a substantial number of them

may fall within the scope of the pre-trial discovery protective order, those factors alone are not sufficient to warrant sealing the entire summary judgment record in this case.  As this court has previously observed:

> There appears to be a growing tendency throughout both federal and state courts, especially in commercial cases, for litigants to agree to seal documents produced during the discovery process as well as pleadings and exhibits filed with the court.  Scholars have been commenting on the subject with increasing frequency.  Even Professor Miller, who argues at length for expansive flexibility in protecting litigation privacy through sealing, cautions against unchecked secrecy:
>
>> Judges must guard against any notion that the issuance of protective orders is routine, let alone automatic, even when the application is supported by all parties.  Thus, they must look carefully at each case and tailor appropriate responses, which should take account of a kaleidoscope of factors, including the likely outcome on the merits, the value or importance of commercial or personal data, the identity of the parties and any apparent outside interests, the existence of any threat to health and safety, and the presence of a governmental agency with primary responsibility for the subject matter of the data.
>
> Miller, Public Access to the Courts, supra note 12, at 492.  And, in a footnote to that text, Professor Miller cautions:
>
>> When all the parties support the protective order or seal, as often is the case when the

> defendant seeks confidentiality and the
> plaintiff wants to facilitate its own access
> to discovery materials, the court is faced
> with an essentially non-adversarial situation
> and must assume the duty of making an
> independent inquiry.  A useful analogue is
> the fiduciary burden assumed by federal
> judges in evaluating a proposed class action
> settlement under Federal Rule 23(e).

Nault's Automobile Sales, Inc. v. American Honda Motor Co., 148
F.R.D. 25, 43-44 (D.N.H. 1993) (quoting Arthur R. Miller,
Confidentiality, Protective Orders, and Public Access to the
Courts, 105 Harv. L. Rev. 427, 492 (1991)).  The court then
concluded that:

> Plainly, there are legitimate reasons for protecting
> the confidentiality of certain types of information
> obtained through the discovery or litigation processes.
> Courts should remain sensitive to the need to protect
> litigants from discovery abuses in all their invasive
> and oppressive forms.  However, the decision to seal
> pleadings and documents filed with the Court is not one
> properly left to the litigants themselves. . . . Due
> regard to important common law and Constitutional
> interests in public access to judicial records must be
> brought to bear by a judicial officer before any court
> documents are placed beyond public review.

Id. at 44 (citing Public Citizen v. Liggett Group, Inc., 858 F.2d
775 (1st Cir. 1988).

Here, neither party has made an effort to demonstrate "good cause" for sealing a particular document, attachment, or exhibit submitted in support of its motion for summary judgment. Instead, the parties merely invoke the general provisions of the pre-trial protective order entered to govern the discovery process. Far more is necessary before the court may properly seal documents filed in the case. As the Court of Appeals for the First Circuit has observed:

> A plain reading of the language of Rule 26(c) demonstrates that the party seeking a protective order has the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, i.e., if good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection. Any other conclusion effectively would negate the good cause requirement of Rule 26(c): Unless the public has a presumptive right of access to discovery materials, the party seeking to protect the materials would have no need for a judicial order since the public would not be allowed to examine the materials in any event.

Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 789 (1st Cir. 1988) (quoting In re Agent Orange Product Liability Litigation, 821 F.2d 139, 145-46 (2d Cir. 1987)).

Although the opinion in <u>Liggett</u> issued under former Rule 5(d) of the Federal Rules of Civil Procedure, which required all discovery materials to be filed with the court (and, therefore, that they be accessible by the public), the reasoning underlying the opinion remains valid. Public access to trials, pre-trial hearings, and pre-trial motions practice is a longstanding tradition in the American judicial system, protected by the common law and implicating the First Amendment. <u>See generally</u> <u>Nixon v. Warner Comms., Inc.</u>, 435 U.S. 589, 597 (1978). Eliminating public access to the summary judgment record in this case will require more than a mere agreement between or among parties.

**Conclusion**

The parties' "Joint Motion for Leave to File Summary Judgment Pleadings, Including Declarations, Exhibits, and Unredacted Memoranda Under Seal" (document no. 73) is denied.

The court recognizes that the parties have likely filed their motions for summary judgment and supporting materials under the mistaken belief that all such materials would be placed under

6

seal.  Accordingly, on or before **September 30, 2005,** they shall either:

    (1)    Seek the return of all previously submitted summary judgment materials from the Clerk of Court.  That party shall then have until **October 7, 2005,** to submit a new motion for summary judgment, with materials that need not be placed under seal; or

    (2)    If a party believes that there is good cause for the court to seal one or more identified documents that it has already submitted in support of its motion for summary judgment, that party shall, on or before **September 30, 2005,** submit a motion to seal, accompanied by a properly supported memorandum of law.  In that legal memorandum, the party shall specifically identify which documents it believes should be sealed from public view, explain why good cause exists to seal each such document, and provide legal support for that proposition.

If the parties elect not to avail themselves of either option presented above, the court shall enter their pending motions for summary judgment, accompanying legal memoranda, and all supporting documents into the docket, unsealed, on September 30, 2005.

7

**SO ORDERED.**

_____

Steven J. McAuliffe
Chief Judge

September 9, 2005

cc:   Alexander J. Walker, Esq.
      Paul J. Hayes, Esq.
      Dorian Daley, Esq.
      Martha Van Oot, Esq.
      Matthew D. Powers, Esq.
      Paul T. Ehrlich, Esq.